NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA BLAHA, on behalf of herself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>FIRST NATIONAL COLLECTION BUREAU, INC., JEFFERSON CAPITAL SYSTEMS, LLC., and JOHN DOES 1-25,<br><br>                    Defendants. | **OPINION**<br><br><br>Civ. No. 16-cv-2791 (WHW)(CLW) |

**Walls, Senior District Judge**

      In this putative class action, Plaintiff Jessica Blaha alleges that Defendants violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), by sending Plaintiff a debt collection notice containing false, deceptive, or misleading statements about the legal status of Plaintiff's debt. Defendants First National Collection Bureau, Inc. and Jefferson Capital Systems, LLC move to dismiss the complaint for failure to state a claim. Decided without oral argument under Fed. R. Civ. P. 78, Defendants' motion is granted in part and denied in part.

## FACTUAL AND PROCEDURAL HISTORY

      On May 18, 2016, Jessica Blaha filed a class action complaint against First National Collection Bureau, Jefferson Capital Systems, LLC, and John Does 1-25 alleging various violations of the FDCPA. ECF No. 1. On July 15, 2016, Defendants moved to dismiss Ms. Blaha's complaint under Fed. R. Civ. P. 12(b)(6). ECF No. 9. On August 15, 2016 the parties entered into a stipulation allowing Plaintiff to file an amended complaint. ECF No. 15. Plaintiff

1

filed the amended complaint the same day, ECF No. 16, and Defendants moved to dismiss the First Amended Complaint on August 29, 2016. ECF No. 18.

For purposes of this opinion, the Court will assume the truth of the following facts alleged in Plaintiff's First Amended Complaint. ECF No. 16. Plaintiff Jessica Blaha is a resident of New Jersey. *Id*. ¶ 8. Defendant First National Collection Bureau, Inc. ("FNCB") is a collection agency with an office located in Sparks, Nevada. *Id*. ¶ 9. Defendant FNCB regularly uses the mail, telephone, and facsimile to attempt to collect debts on behalf of itself and other buyers. *Id*. ¶ 10. Defendant Jefferson Capital Systems, LLC ("JCS") is a limited liability company with offices located in St. Cloud Minnesota that purchases consumer credit debts that are in default and hires debt collectors, including Defendant FNCB, to send dunning letters to consumers in an effort to collect money on the debts. *Id*. ¶¶ 13–16. Defendant JCS also regularly uses the mail, telephone, and facsimile to attempt to collect debts. *Id*. ¶ 15. John Does 1-25 (the "John Doe Defendants") are fictitious names of individuals and business entities that may become known to Plaintiff in discovery. *Id*. ¶ 18.

"Some time prior to May 18, 2015"—but presumably more than six years before that date—Plaintiff incurred an obligation (the "Barclay Debt") to the creditor Barclaycard Rewards Master ("Barclay"). *Id*. ¶22. Plaintiff alleges that the debt arose from a consumer credit card account which was used "to pay for her personal and household items" as opposed to business expenses *Id*. ¶ 23–24. "Some point prior to May 18, 2015," the Barclay Debt was sold, consigned, or otherwise transferred to Defendant JCS. *Id*. ¶ 28. Defendant JCS contracted with FNCB to collect the alleged debt. *Id*. ¶ 29.

On May 18, 2015, Defendant FNCB sent a collection letter (the "Letter") to Plaintiff. *Id*. ¶¶ 31–33; *see also* Letter, ECF No. 16-1. The Letter stated, in part, that Plaintiff owed Barclay a

total of $2,075.60, but included a "settlement offer: A 60% discount payable in 6 payments of $138.37. Each payment within 30 days of the previous payment." *Id.* ¶ 36; ECF No. 16-1 at 1.

More than six years had elapsed between Plaintiff's last payment on the Barclay Debt and the date of the Letter. ECF No. 16 ¶ 34. In New Jersey, the limitations period for filing suit on a credit card debt is six years. *Id.* ¶ 35 (citing N.J.S.A. 2A:14-1). According to Plaintiff, however, the statute of limitations would "re-start" if she made a partial payment on the Barclay Debt. *Id.* ¶ 39. Defendant FNCB's Letter did not inform Plaintiff that the limitations period on the Barclay Debt had expired, nor did it inform Plaintiff that her acceptance of the "settlement" payment plan offer would "re-start" the statute of limitations. *Id.* ¶¶ 37–40. Plaintiff claims that this led her to believe that she had a legal obligation to pay the Barclay Debt and that Defendants might file a lawsuit or report the debt to credit reporting agencies if she did not accept the "settlement offer." *Id.* ¶ 37.

On May 18, 2016, Plaintiff filed a two-count first amended complaint in this Court on behalf of herself and two consumer classes of New Jersey individuals. *Id.* ¶ 19. The first class consists of individuals to whom Defendants sent, at any time less than one year before the filing of the complaint, a collection letter on a debt owed or allegedly owed to Defendant JSC, which made a "settlement offer" that failed to disclose that the statute of limitations had expired on the debt and that the expiration of the statute of limitations would have provided a complete defense to a lawsuit seeking recovery of the debt. *Id.* ¶¶ 19–20. The second class consists of individuals, who were sent collection letters or notices from FNCB at any time less than one year before the filing of the complaint, attempting to collect a consumer debt allegedly owed to JCS, which made a consumer "settlement offer" that included making partial payments and failed to disclose

that making a payment would restart the New Jersey statute of limitations for collection actions. *Id.*

In Count One of the complaint, Plaintiff alleges that Defendants violated 15 U.S.C. § 1692e by using a "false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* ¶¶ 55–59. Specifically, Plaintiff claims Defendants (a) falsely represented the legal status of the Barclay Debt, in violation of 15 U.S.C. § 1692e(2)(A); (b) made "false threats to take action that cannot legally be taken," in violation of 15 U.S.C. § 1692e and e(5); and (c) made false representations and/or used deceptive means to attempt to collect the Barclay Debt, in violation of 15 U.S.C. § 1692e(10). *Id.* ¶ 45. In Count Two, Plaintiff claims that Defendants violated 15 U.S.C. § 1692f by using "unfair or unconscionable means to collect or attempt to collect any debt," again because Defendants allegedly failed to inform Plaintiff that the Barclay Debt was time-barred and that a partial payment would restart the statute of limitations. *Id.* ¶¶ 60–65.

Defendants now move to dismiss the First Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Joint Mot. Dismiss, ECF No. 18; Mem. Supp. Joint Mot. Dismiss, ECF No. 19. Defendants argue that Plaintiff does not adequately allege that the Barclay Debt is a "debt" within the meaning of the FDCPA, that the Letter did not misrepresent the character, amount, or legal status of the Barlcay Debt or threaten legal action against Plaintiff, that Plaintiff has failed to make a claim under FDCPA §1692f, and that Plaintiff fails to plead she has suffered a concrete injury. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Under Federal Rule of

4

NOT FOR PUBLICATION

Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679.

In considering the plaintiff's claims, the Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint. *See Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1357 at 299 (3d ed. 2014). "A 'document integral to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).[1]

---

[1] "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 255 n.5 (3d Cir. 2004).

5

A court may also consider and take judicial notice of matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Such matters of public record may include prior judicial proceedings, *McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009), and government agency consent decrees. *Group Against Smog and Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 127-28 (3d Cir. 2016) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("Courts have defined a public record, for purposes of what properly may be considered on a motion to dismiss, to include . . . letter decisions of government agencies . . . and published reports of administrative bodies.")).

If a complaint fails to state a claim upon which relief can be granted, a plaintiff should ordinarily be granted the right to amend its complaint. The Supreme Court has instructed that:

> The grant or denial of an opportunity to amend is within the discretion of the District court, but outright refusal to grant the leave without any justifying reason . . . is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). In the Third Circuit, plaintiffs whose complaints fail to state a cause of action are entitled to amend their complaint unless doing so would be inequitable or futile. *Fletcher-Harlee Corp. v. Pote Concrete Contrs., Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).[2] In *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000), the Third Circuit counseled:

> [W]e suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which

---

[2] The *Fletcher-Harlee* court stated that "to request leave to amend a complaint, the plaintiff must submit a draft amended complaint to the court so that it can determine whether amendment would be futile." The court also noted that the longstanding rule that leave to amend a complaint must be granted *sua sponte* stands in tension with the longer-standing rule that a plaintiff must submit a draft amended complaint to the court to allow the court to determine whether amendment would be futile. *Fletcher-Harlee*, 482 F.3d at 252-53.

time an order to dismiss the action would be appropriate.

*Shane*, 213 F. 3d at 116 (citing *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).

Although Defendants move to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6), they also argue that Ms. Blaha has failed to establish standing because she has not shown that she has suffered a concrete injury-in-fact under the standard articulated in the Supreme Court's recent decision *Spokeo, inc. v. Robbins*, 136 S. Ct., 1540 (2016). "A motion to dismiss for want of standing is ... properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citing *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)). Rule 12(b)(1) challenges made prior to the filing to any answer are considered facial challenges to jurisdiction, which are considered under the same standard of review as a motion to dismiss under Rule 12(b)(6). *Id.* at 358. "In reviewing a facial attack the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff" and "constru[e] the alleged facts in favor of the nonmoving party. *Id.* (internal quotations and citations omitted).

## DISCUSSION

### I. The Barclay Debt

Defendants argue, as a threshold matter, that Plaintiff fails to adequately plead that the Barclay Debt is governed by the FDCPA. ECF No. 18 at 10–12. The Court finds that Plaintiff's allegations are sufficient to establish that the Barclay Debt is governed by the FDCPA.

"The FDCPA prohibits certain practices of a debt collector while attempting to collect a 'debt' as defined in § 1692a(5)." *Johns v. Northland Group, Inc.*, 76 F. Supp. 3d 590, 598 (E.D. Pa. 2014) (citing *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir. 1987)). Section 1692a(5) of the FDCPA defines "debt" as "any obligation or alleged obligation of a

consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). To state a claim under the FDCPA, a plaintiff must allege that "(1) he or she is a consumer who was harmed by violations of the FDCPA; (2) *that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes*; (3) that the defendant collecting the debt is a 'debt collector;' and (4) that the defendant violated, by act or omission, a provision of the FDCPA." *Johns*, 76 F. Supp. 3d at 597 (emphasis added).

As discussed, Plaintiff alleges that the Barclay Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it arose out of a "consumer credit card account which the Plaintiff opened in order to pay for her personal and household items." ECF No. 16 ¶ 23.  Plaintiff further contends that the Barclay credit card was neither opened nor used to pay for business expenses *Id.* ¶24. Finally, Plaintiff recites the language of the statute in asserting that the "Barclay obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes." *Id.* ¶ 25.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or a pleading that "tenders 'naked assertions' devoid of 'further factual enhancement'" does not meet the pleading standard of Fed. R. Civ. P. 8(a)(2). *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Courts within the Third Circuit have repeatedly dismissed FDCPA claims that relied on the "formulaic recitation" of the statutory definition of "debt." *See Sanon-Lauredant v. LTD Financial Services, L.P.*, 2016 WL 3457010, at *2-3 (D.N.J. June 22, 2016) (dismissing FDCPA claim for failure to plead existence of debt under § 1692a(5) where plaintiff "merely repeated the language of the statute" and alleged that the debt "arose out of a transaction in which money, property, insurance or services, which are the subject

8

of the transaction, were primarily for personal, family or household purposes"); *Vaquero v. Frederick J. Hanna & Associates, P.C.*, 2013 WL 5947011, at *2 (D.N.J. Nov. 6, 2013) (dismissing FDCPA claim where plaintiff merely alleged that "Defendant sought to collect from [Plaintiff] a debt allegedly due to [Chase Bank] arising from transactions incurred for personal, family, or household purposes"); *Nicholas v. CMRE Financial Services, Inc.*, 2009 WL 1652275, at * 2 (D.N.J. June 11, 2009) (dismissing FDCPA claim where plaintiff described defendant's actions "only in language derived from the statutory causes of action," addressing her alleged debt as "a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.").

The pleading standard of Rule 8(a) is not high; Plaintiff must simply provide "at least some factual allegations," *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008), to support her claim that the Barclay Debt is a debt within the meaning of the FDCPA. In *Sosso v. ESB Bank*, as example, the Western District of Pennsylvania found an allegation that the plaintiff's debt "arose out of a 'residential mortgage loan' which was obtained 'in order to refinance a prior mortgage loan'" was sufficient because "a debt incurred in order to refinance a prior mortgage is one for personal, family or household use." 2016 WL 3855031, at *3. In *Pierce v. Calvary SPV I, LLC*, No. CIV.A. 13-588, 2013 WL 6773632 (W.D. Pa. Dec. 20, 2013), a different Western District of Pennsylvania court found that allegations that included the phrase "for personal, family, or household purposes" met the pleading standard because "using terms that were included in the statute to describe why her debt qualified" under the FDCPA did not render the allegations mere legal conclusions. *Id.* at *4.

Here, if Plaintiff had only alleged the allegations stated in paragraph twenty-five of her First Amended Complaint, she would have failed to meet the pleading standard. ECF No. 16 ¶ 25. But, the allegations that "the Barclay obligation was a consumer credit card account which the Plaintiff opened in order to pay for her personal and household items" and which was never used for business are sufficient to survive a motion to dismiss. *Id.* ¶ 23–24.

## II. The Collection Letter

Next, Defendants argue that Plaintiff cannot state a claim under FDCPA § 1692e because Defendants were allowed to seek voluntary repayment of Plaintiff's time-barred debt and Defendants did not misrepresent the character, amount, or legal status of the Barclay Debt or threaten legal action against Plaintiff. ECF No. 19. at 12–20.

Plaintiff alleges that when Defendant sent her the collection letter, "more than six (6) years had elapsed since the last payment or activity on the Barclay debt subject to the letter." ECF No. 16 ¶ 34. Plaintiff adequately pleads that the statute of limitations had expired at this point, rendering the Barclay Debt "unenforceable in a court of law." *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 32 (3d Cir. 2011). Defendants do not contest that the debt was time-barred. Plaintiff's complaint offers two primary theories that Defendants violated 15 U.S.C. § 1692e by "making false, deceptive, and misleading representation [sic] or means in connection with the collection" of the Barclay Debt. ECF No. 16 ¶ 57.[3] First, Plaintiff alleges that the Letter "falsely implies that the Barclay Debt is legally enforceable by making Plaintiff an offer to settle her account." *Id.* ¶ 38. Second, Plaintiff alleges that Defendants failed to inform her that

---

[3] Specifically, Plaintiff alleges violations of three subsections of §1692e: (1) that Defendants "falsely represent[ed] the legal status of the debt in violation of 15 U.S.C. §1692e(2)(A); (2) that Defendants "ma[de] false threats to take action that cannot be legally be taken" in violation of 15 U.S.C. §1692e and 1692e(5); and (3) that Defendants "[u]s[ed] false representations and/or deceptive means to collect or attempt to collect" the Debt, in violation of subsection e(10). ECF No. 16 ¶ 58.

10

accepting the settlement offer would restart the statute of limitations and expose her to litigation that was otherwise time-barred. *Id.* ¶ 39. The Court analyzes these claims from the perspective of the "least sophisticated debtor," *Huertas*, 641 F.3d at 33 (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)), but will not ignore the "rational characteristics of even the least sophisticated investor and instead rely on unrealistic and fanciful interpretations" of Defendant FNCB's Letter. *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 299 (3d Cir. 2008).

### A. Defendants did not make false or misleading representations about the effect that a partial settlement payment would have on the legal status of the Barclay Debt.

For the reasons stated in *Genova v. Total Card, Inc.*, No. 16CV1260WHWCLW, 2016 WL 3360662 (D.N.J. June 8, 2016), the Court finds that Defendants did not make false or misleading representations about the effect that a partial settlement payment would have on the legal status of the Barclay Debt. *Id.* at *6–7. Under New Jersey law, Defendants were not required to inform the Plaintiff that should she choose to accept the settlement offer and make partial payment towards the payment plan offered it would restart the statute of limitations. *Id.* at *7. Because the partial settlement payments Defendants solicited by the Letter would not revive the statute of limitations on JCS's claim against Plaintiff, this omission did not constitute false, deceptive, or misleading representations concerning the potential legal status of the JCS Debt. *See id.*

### B. The Collection Letter could be deemed to misrepresent the legal status of the Barclay Debt.

This case therefore rests on whether offering to settle a time barred debt without an accompanying notice that the debt is time-barred can give rise to liability under the FDCPA. This question is not settled in the Third Circuit. In *Genova*, this Court considered whether a letter seeking to collect a time-barred debt included false or misleading statements about the legal status of the debt when it specifically stated the "law limits how long you can be sued on a debt" and informed plaintiff that "[b]ecause of the age of your debt, [the debt collector] will not sue you for it." *Id.* at *5 (internal quotations and citations omitted). The Court concluded that the inclusion of the disclaimer language, informing plaintiff that the statute of limitations had expired and that he would not be sued as a result, demonstrated that defendant did not misrepresent the legal status of the debt. *Id.* at *6. Importantly, the Court also noted that the Third Circuit's decision in *Huertas* did "not automatically protect all offers to 'settle' time barred debt, especially if those offers do not inform the debtor that the statute of limitations has expired." *Id.* It follows that the Court now finds that Plaintiff has made a plausible claim under 1692e(2)(A), which specifically prohibits the false representation of the character of legal status of any debt.

Defendants rely primarily on the argument that the Third Circuit has separately established that (1) no FDCPA claim exists when debt collectors "seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts." ECF No. 19 at 12 (quoting *Huertas*, 641 F.3d at 33), and (2) "that language in a collection letter regarding settlement offers, is, by itself, neither an indication of legal action, nor false and deceptive under Section 1692e(10)." *Id.* at 13 (citing

12

*Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008)), thereby foreclosing Plaintiff's FDCPA claims. This argument does not preclude liability under the FDCPA here because neither case cited by Defendants addresses the effect of an offer of "settlement" in the context of a time-barred debt.

Instead, courts that have specifically considered this issue have declined to dismiss FDCPA cases for failure to state a claim because "it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014); *See also Buchanan v. Northland Grp., Inc.*, 776 F.3d 393 (6th Cir. 2015). District courts in this district, working under the interpretive framework of *Huertas* and *Campuzano-Burgos*, agree. *See Filgueiras v. Portfolio Recovery Associates, LLC*, No. CV158144JLLSCM, 2016 WL 1626958 (D.N.J. Apr. 25, 2016) (Linares, J.) ("[B]ecause the plain language of 15 U.S.C. § 1692e(2)(A) specifically prohibits the false representation of the character or legal status of any debt, a misrepresentation about that fact violates the FDCPA, regardless of whether litigation is threatened."). The Court agrees with the reasoning stated in these cases and concludes that offering a "settlement" on a time-barred debt without proper notification that the debt is time-barred could plausibly mislead or deceive the least sophisticated consumer into believing that the debt was legally enforceable.

### III. Standing

It is well settled that "to establish Article III standing, a plaintiff must demonstrate (1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 272 (3d Cir. 2016) (quoting *Finkelman v.*

*Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016)). A successfully pleaded injury-in-fact alleges "the invasion of a concrete and particularized legally protected interest" resulting in actual or imminent harm rather than conjectural or hypothetical harm. *Id.* A particularized harm "affects the plaintiff in a personal and individual way." *Id.* For a harm to be concrete, it must actually exist. *Id.* (citing *Spokeo*, 136 S.Ct. at 1548).

Defendants argue that Plaintiff fails to establish Article III standing because her allegations that Defendants committed statutory violations of the FDCPA do not meet the injury-in-fact requirement ECF No. 19 at 23. Defendants stress that Plaintiff can only show a "hypothetical and speculative" injury because she does claim to have relied on the allegedly misleading statements made in the Letter and she never made any payments to Defendants as a result of the Letter. *Id.* In support of their argument, Defendants rely heavily on the Supreme Court's language in *Spokeo* that "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1549.

In *In re Nickelodeon Consumer Privacy Litig.*, the Third Circuit applied *Spokeo* to a case related to the unauthorized tracking and dissemination of the online activity of a class of children. *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d at 267. The defendant argued that because the children could not show injury beyond the statutory violations, they could not meet the injury-in-fact requirement for Article III standing. *Id.* at 272–73. The Third Circuit considered *Spokeo's* pronouncement that a plaintiff cannot rely on a "bare procedural violation" to allege injury-in-fact, but they ultimately found that the plaintiffs had sufficiently alleged a

14

concrete injury. *Id.* at 274. The panel stressed that in some circumstances, "an injury-in-fact *may* exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Id.* at 273.

In order to determine if certain types of intangible harms can satisfy the concreteness requirement of Article III, *Spokeo* and *Nickelodeon* instruct judges to consider both Congress's judgment in "elevat[ing] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law" and "whether the purported injury 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts.'" *Id.* (quoting *Spokeo*, 139 S.Ct. at 1549). Applying this test, the *Nickelodeon* court determined that both history and the judgment of Congress supported the conclusion that the unauthorized disclosure of legally protected information was a concrete injury sufficient to confer standing. *Id.* at 274 (citing *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125 (3d Cir. 2015)).

Here Plaintiff alleges that Defendants made false, deceptive, and misleading statements and representations and employed unfair and deceptive means to collect or attempt to collect a debt in violation of the FDCPA by sending a collection letter offering to settle a time-barred debt without disclosing that the debt was time barred. ECF No. 16 ¶¶ 55–65. Despite Defendants' insistence to the contrary, the Court is unpersuaded by the argument that Plaintiff has alleged a bare procedural violation that does not give rise to an injury-in-fact.

Congress enacted the FDCPA as a result of "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices" and the inadequacy of existing laws and procedures designed to protect consumers. 15 U.S.C. § 1692(b). The stated purpose of the law was to eliminate abusive debt collection practices and to promote further action to protect

consumers against debt collection abuses. *Id.* The right Congress sought to protect in enacting this legislation was therefore not merely procedural, but substantive and of great importance. Further, the harm claimed by Plaintiff is precisely that which the statute was intended to guard against. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982) (in some cases an injury-in-fact "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing.").

Finally, district and circuit courts have rejected similar *Spokeo* challenges to standing in FDCPA cases. *See, e.g., Church v. Accretive Health, Inc.*, ___ Fed. Appx. ___, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (unpublished opinion) (finding standing when defendant sent a collection letter that did not contain all of the FDCPA's required disclosures); *Daubert v. Nra Grp.*, LLC, No. 3:15-CV-00718, 2016 WL 4245560, at *3 (M.D. Pa. Aug. 11, 2016) (finding standing when defendant mailed a collection letter displaying the barcode and account number associated with plaintiff's debt in violation of the FDCPA); Lane v. Bayview Loan Servicing, LLC, No. 15-cv-10446, 2016 WL 3671467, at *3–5 (N.D. Ill. July 11, 2016) (holding that plaintiff established a concrete injury resulting from defendant's delivery of an allegedly misleading debt collection notice in violation of the FDCPA); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 WL 4264967, at *3–4 (N.D. Ill. Aug. 11, 2016) (finding plaintiff's 1692e claim alleged a sufficiently concrete injury for Article III standing). I find the reasoning stated in these cases persuasive and conclude that Plaintiff has alleged a sufficiently concrete harm for purposes of Article III standing.[4]

---

[4] Defendants also argue that Blaha's class claims should be dismissed because "it will be impossible without deposing each putative class member to conduct an individualized inquiry to establish that he or she had a concrete and particularized injury in fact as required by *Spokeo*." Third Circuit precedent clearly forecloses this argument. *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 362 (3d Cir. 2015) "squarely hold[s] that unnamed, putative class members need not establish Article III standing. Instead, the 'cases or controversies' requirement is satisfied so long as a class representative has standing."

### IV. Section 1692f Claims

Finally, Plaintiff alleges that Defendants used unfair and unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f. ECF No. 16 ¶¶61–65. Section 1692f provides a non-exhaustive list of conduct deemed "unfair or unconscionable," but it also serves as a catch-all provision for conduct that is unfair, but not specifically enumerated in the FDCPA. *See* 15 U.S.C. § 1692f(1)-(8); *Williams v. Zucker, Goldberg & Ackerman, LLC*, No. 09–6177, 2011 WL 843943, at *1 n. 1 (D.N.J. Mar. 8, 2011). Courts have found that § 1692f "cannot be the basis for a separate claim" for conduct that is already explicitly addressed by other sections of the FDCPA, *Turner v. Prof'l Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013). It follows that courts routinely dismiss § 1692f claims when a plaintiff "does not identify any misconduct beyond that which [he] assert[s] violate[s] other provisions of the FDCPA." *Corson v. Accounts Receivable Mgmt., Inc.*, No. CIV.A. 13-01903 JEI/, 2013 WL 4047577, at *7–8 (D.N.J. Aug. 9, 2013) (quoting *Christy v. EOS CCA*, 905 F. Supp. 2d 648, 656 (E.D. Pa. 2012)).

Here Plaintiff does not allege that Defendants engaged in any of the activities enumerated in § 1692f(1)-(8). Plaintiff also does not allege any facts from which to plausibly infer that Defendants engaged in "unfair or unconscionable" conduct beyond that which is already addressed by the § 1692e claims. Plaintiff has therefore failed to state a plausible § 1692f claim. *Id.* The claim is dismissed without prejudice and the Court grants Plaintiff leave to move to

NOT FOR PUBLICATION

amend the Complaint if Plaintiff wishes to allege facts supporting the claim within 90 days hereof.

## CONCLUSION

Defendants' motion to dismiss the complaint is granted in part and denied in part. Plaintiff may seek leave to amend within 90 days of the date of this opinion. An appropriate order follows.

DATE: 10 November 2016

William H. Walls
Senior United States District Court Judge